ORDERED in the Southern District of Florida on FEB 13 2008

A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JANET DORIS VERNELL  CASE NO. 07-15396-BKC-AJC
LOUIS VERNELL, JR.  CHAPTER 13

    Debtors.
_____/
JANET DORIS VERNELL and
LOUIS VERNELL, JR.

    Plaintiffs,

v.  ADV. CASE NO. 07-01889-BKC-AJC-A

WASHINGTON MUTUAL BANK, F.A., a
national association,

    Defendant.
_____/

## MEMORANDUM OPINION OF ABSTENTION

THIS MATTER came before the Court on February 5, 2008 upon the Motion to Dismiss Adversary Complaint filed by Creditor Washington Mutual Bank ("Washington Mutual") [C.P.

1

7]. This Court, having heard argument of counsel, having reviewed the court file, and being otherwise fully advised in the premises, abstains from exercising jurisdiction over this action.

1. The Debtors, Louis Vernell, Jr. and Janet Doris Vernell (the "Vernells") jointly filed a Chapter 13 case on July 11, 2007. On August 22, 2007, the Vernells removed to this Court an action commenced in 2002 styled *Janet Vernell and Louis Vernell v. Washington Mutual Bank* (Case No. 02-28406-CA-05) then pending before the Eleventh Judicial Circuit Court for Miami-Dade County, Florida (the "State Court Action"). This was assigned Adversary Case No. 07-01626-BKC-AJC-A (the "First Adversary Proceeding"). At the time of removal, this case had been litigated in the state court for nearly five years.

2. The allegations of the First Adversary Proceeding asserted that Washington Mutual's mortgage on the Debtors' residence was defective and unenforceable because of an alleged "cut and paste" with respect to the Vernells' signatures and improprieties involving the notarial acknowledgment. Washington Mutual moved for abstention and remand. After a hearing and full briefing, the Court granted the motion for remand, abstained from exercising jurisdiction over the First Adversary Proceeding, and also gave Washington Mutual relief from stay to litigate the claims in the Florida Circuit Court. The Vernells moved for rehearing of the remand order, which motion was denied.

3. On December 14, 2007, the Vernells filed this adversary case (the "Second Adversary Proceeding"), containing the same claims and same alleged facts as the First Adversary Proceeding which the Court had recently abstained from hearing and remanded. Washington Mutual moved to dismiss and a hearing was held on February 5, 2008. Although Washington Mutual's motion is entitled Motion to Dismiss, the argument put forth by Washington Mutual is essentially that because the Court abstained from hearing the First

Adversary Proceeding the Court should also abstain from hearing the Second Adversary Proceeding because the factual allegations and claims are essentially the same. The Court will treat Washington Mutual's Motion to Dismiss as a request for the Court to abstain from hearing the Second Adversary Proceeding. Abstention from the exercise of federal jurisdiction is in the sound discretion of the Bankruptcy Court and can be raised *sua sponte* as long as the parties have an opportunity to be heard. *In re Dayton Title Agency, Inc.*, 304 B.R. 323, 329 (Bankr. S.D. Ohio 2004); *In re Richmond Tank Car Co.*, 119 B.R. 124, 125 (S.D. Tex. 1990); *In re Laroche Industries, Inc.*, 312 B.R. 249, 256 (Bankr. D. Del. 2004) (permissive abstention does not require a motion and may be raised by a court sua sponte). Both the Debtors and Washington Mutual were given a full opportunity to address the abstention issue at the hearing conducted February 5, 2008.

4. The Debtors' claims in the First Adversary Proceeding are substantially the same as those in the Second Adversary Proceeding. If this Court were to exercise jurisdiction over the Second Adversary Proceeding, it would create a great potential for inconsistent results before this Court and the Florida Circuit Court, create an unjustified burden on the parties, and otherwise waste judicial resources. The Court once again abstains from exercising jurisdiction over these claims for the same reasons it previously abstained from hearing the First Adversary Proceeding.

5. These same claims by the Debtors have been actively litigated in the Florida Circuit Court for nearly five years. The cases involve predominately issues of state law and there is no independent basis for federal jurisdiction. The cases can be timely adjudicated in the Florida Circuit Court. Comity and the burden on this Court are also factors that weigh heavily in favor of abstention. It would be a great waste of judicial resources to simultaneously litigate the

same claims in two forums, especially after the Court has already remanded these claims to the Florida Circuit Court. Based upon the foregoing, it is

ORDERED AND ADJUDGED that the Motion to Dismiss Adversary Complaint filed by Creditor Washington Mutual Bank is GRANTED in part and the Court exercises its discretion to abstain pursuant to 28 U.S.C. § 1334(c)(1). Creditor's request for dismissal is DENIED.

# # #

Copies furnished to:

C. Craig Eller, Esquire
Broad and Cassel
One North Clematis Street, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 366-5373
Facsimile: (561) 650-1153
Email: celler@broadandcassel.com


Attorney C. Craig Eller is directed to serve copies of this order on the parties listed and file a certificate of service.

D. Jean Ryan, Esq.
Debtors' Attorney
P.O. Box 561507
Miami, Florida 33256

Nancy Herkert, Esq.
Chapter 13 Trustee
POB 279806
Miramar, FL 33027

David James Smith, Esquire
Carlton Fields, P.A.
100 SE 2nd Street
Suite 4000
Miami, Florida, 33131-2148

Office of U.S. Trustee
51 S.W. First Avenue, Room 1204
Miami, Florida 33130

4

Louis Vernell
16482 Northeast 31st Avenue
North Miami Beach, FL  33160

Janet Vernell
16482 Northeast 31st Avenue
North Miami Beach, FL  33160

WPB1\BANKRUPT\262516.1
21672/0063